UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNITA SMITH,

    Plaintiff,

v.                                                    Case No.:

COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENNITA SMITH, by and through undersigned counsel, brings this action against Defendant, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and she worked in Hillsborough County for Defendant.

5. Defendant operates an information technology services company in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

12. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendant continues to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

16. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

17. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

18. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

19. Plaintiff has satisfied all conditions precedent, or they have been waived.

20. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

21. Plaintiff requests a jury trial for all issues so triable.

## FACTS

22. Plaintiff began working for Defendant on or around May 2016.

23. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA. Specifically, Plaintiff suffers from chronic migraines.

24. On or about June 1, 2017, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

25. On or about June 20, 2017, while Plaintiff was out from work on a FMLA protected leave of absence, Defendant terminated Plaintiff's employment based on her absences which were protected under the FMLA.

26. Plaintiff exercised her rights under the FMLA by requesting a leave of absence under the FMLA and proceeding to use her approved FMLA time off.

27. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

28. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

29. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

30. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FMLA INTERFERENCE

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as fully set forth herein.

32. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33. By terminating Plaintiff's employment based on her FMLA protected absences, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

 (f) Liquidated Damages;

 (g) Prejudgment interest on all monetary recovery obtained;

 (h) All costs and attorney's fees incurred in prosecuting these claims; and

 (i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

36. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 30 of this Complaint, as fully set forth herein.

37. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

39. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 (a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

 (b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – FLSA OVERTIME VIOLATION

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

43. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

45. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of January, 2018.

                Respectfully submitted,

                **MATTHEW K. FENTON**
                Florida Bar Number: 0002089
                **WENZEL FENTON CABASSA, P.A.**
                1110 North Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: 813-223-6413
                Facsimile: 813-229-8712
                E-Mail: mfenton@wfclaw.com
                E-Mail: tsoriano@wfclaw.com
                **Attorneys for Plaintiff**