UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BENNITA SMITH,**

    **Plaintiff,**

v.                                                          CASE NO: 8:18-cv-00201-EAK-AEP

**COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION**

    **Defendant.**

_____/

**JOINT MOTION TO APPROVE FLSA
SETTLEMENT AND TO DISMISS WITH PREJUDICE**

    Plaintiff, BENNITA SMITH ("Plaintiff"), and Defendant, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION ("Defendant"), hereby notify the Court that the Parties have resolved all claims raised in this matter under the Fair Labor Standards Act and stipulate to the dismissal of all such claims in this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

1. Plaintiff filed the instant action alleging that Defendant violated the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. ("FLSA"), by failing to pay her overtime compensation.

2. Defendant disputes Plaintiff's overtime calculations, including the hourly rate and the number of hours worked.

3. The parties exchanged documents and information regarding Plaintiff's FLSA claim and Defendant's defenses.

4. Counsel for the parties engaged in substantive settlement discussions regarding Plaintiff's FLSA claim. The parties reached an agreement to resolve the FLSA claim made by Plaintiff.

5. Despite agreeing to resolve Plaintiff's FLSA claim in this case, Defendant asserts that Plaintiff was properly compensated for all hours worked during her employment and, therefore, is not entitled to any overtime wages under the FLSA. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it preferred to amicably conclude the instant litigation, while taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendant has taken into account the uncertainty and risks inherent in any litigation.

6. Plaintiff likewise determined that she preferred to amicably resolve her claim for the amount Defendant provided her rather than proceed with this litigation.

7. Importantly, Plaintiff's attorneys' fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff.

8. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and make recommendations regarding the resolution of Plaintiff's FLSA claim in this matter.

9. The parties have memorialized the settlement terms in a Settlement Agreement and Release, which is attached as Exhibit A.

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See*, *e.g.*, *Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.*, 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel. The parties, therefore, respectfully submit that that the agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and

purpose of the FLSA and the requirements of *Lynn's Food. See*, *e.g.*, *Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel were negotiated separately from the settlement sums paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the settlement as a fair resolution of a bona fide dispute.

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: November 9, 2018

Respectfully submitted,

| | |
|---|---|
| /s/Matthew K. Fenton | LITTLER MENDELSON, P.C. |
| Matthew K. Fenton | 111 North Magnolia Avenue |
| Florida Bar No. 2089 | Suite 1250 |
| Christopher Saba | Tampa, Florida 32801 |
| Florida Bar No. 92016 | Telephone: 407.393.2900 |
| Wenzel Fenton Cabassa P.A. | Facsimile: 407.393.2929 |
| 1110 N. Florida Avenue | |
| Suite 300 | **/s/** Gregory R. Schmitz_____ |
| Tampa, Florida 33602 | Jeffery B. Jones, Esquire |
| Main No.: 813-224-0431 | Florida Bar.: 039950 |
| Direct No.: (813) 223-6413 | Email: jbjones@littler.com |
| Facsimile No.: 813-229-8712 | |
| Email: mfenton@wfclaw.com | Gregory R. Schmitz, Esquire |
| Email: csaba@wfclaw.com | Florida Bar No.: 094694 |
| Email: tsoriano@wfclaw.com | Email: gschmitz@littler.com |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |