# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BENNITA SMITH,

    Plaintiff,

v.                                 Case No.:  8:18-cv-201-EAK-AEP

COGNIZANT        TECHNOLOGY
SOLUTIONS U.S. CORPORATION,

    Defendant.

## ORDER

This matter, which involves claims by Plaintiff, Bennita Smith, against Defendant, Cognizant Technology Solutions U.S. Corporation, for, *inter alia*,[1] unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq., is before the Court upon the Parties' Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice ("Motion") (Doc. 17).  Through the Motion, the Parties request that the Court approve the appended Settlement Agreement ("Agreement") (Doc. 17-1) and dismiss Plaintiff's FLSA claim *with prejudice*.

So-called "back wage claims," which include claims for unpaid overtime wages, arising under the FLSA can be settled or compromised by an employee in one of two ways:  either (1) under section 216(c), the Secretary of Labor is

---

[1] Plaintiff also sued Defendant for violation of the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq.  (Doc. 1).

authorized to supervise payment of unpaid wages owed to the employee; or (2) in actions brought directly by an employee against his or her employer under section 216(b) to recover unpaid wages, as is the case here, the employee may present to the district court a proposed settlement, and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.  See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352–53 (11th Cir. 1982).

Having considered the Motion, and after "scrutinizing the [Agreement] for fairness," the Court finds that the terms of the Agreement constitute "a fair and reasonable resolution" of the Parties' dispute over alleged unpaid overtime wages. Id. at 1352, 1355.  Further, the Motion states that attorneys' fees and costs were negotiated separately from Plaintiff's recovery.   (Doc. 17, at ¶7).   Such a representation adequately establishes that the issue of attorneys' fees and costs was agreed upon without regard to the amount paid to Plaintiff.  See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Thus, the Court finds that the Agreement's attorneys' fee provision (Doc. 17-1, at ¶2(c)) is fair and reasonable.

Accordingly, it is **ORDERED** as follows:

1.    The Parties' Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 17) is **GRANTED**.

Case No.:  8:18-cv-201-EAK-AEP

2.      The Settlement Agreement (Doc. 17-1) is **APPROVED** to the extent that the Court finds the consideration paid to Plaintiff, including amounts for attorneys' fees, is fair and reasonable.

3.      Count III of Plaintiff's complaint alleging FLSA overtime violations is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 9th day of November, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record